IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BRAD HOWARD                                                                                    PLAINTIFF

v.                                        4:10-CV-01662 DPM

BAYER CORPORATION, ET AL.                                                      DEFENDANTS

INITIAL SCHEDULING ORDER

An appearance was entered by the defendant(s) on **8 DECEMBER 2010**. The following deadlines and proposed deadlines are in effect:

**1.      Rule 26(f) Conference Deadline            15 FEBRUARY 2011**

The parties are jointly responsible for holding their Rule 26(f) conference by this date.

**2.      Rule 26(f) Report Due Date                   1 MARCH 2011**

Consult Federal Rule of Civil Procedure 26(f) and Local Rule 26.1 for information to be included in the Rule 26(f) Report. The Report should be filed with the Clerk of the Court.

**3.      Proposed Trial Date                               23 JANUARY 2012**

The case will be scheduled for a JURY before Judge D. P. Marshall Jr. starting at 9:30 a.m. sometime during the week indicated.

4.	**Rule 16(b) Conference:**				**(Scheduled if needed)**

The Court will schedule a conference within one week after the parties file their Rule 26(f) Report, if necessary, to resolve any disputes about the proposed trial date and deadlines, mandatory disclosures, and the like. The parties should consider the attached Proposed Final Scheduling Order — including all proposed deadlines — during the Rule 26(f) conference. Unless a party objects, the proposed scheduling order will become the Court's Final Scheduling Order and will be issued without a conference.

**AT THE DIRECTION OF THE COURT**
**JAMES W. McCORMACK, CLERK**

**By:  /s/ Martha Fugate**
**Courtroom Deputy to Judge D. P. Marshall Jr.**
**14 December 2010**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BRAD HOWARD                                                                              PLAINTIFF

v.                                   4:10-CV-01662 DPM

BAYER CORPORATION, ET AL.                                                      DEFENDANTS

PROPOSED FINAL SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b), the Court orders:

1.      **Trial Date**

This case is scheduled for JURY TRIAL before Judge D. P. Marshall Jr. starting at 9:30 a.m. sometime during the week of **23 JANUARY 2012,** in **Little Rock, Arkansas.**

2.      **Discovery**

The parties should complete discovery no later than **14 OCTOBER 2011**. The parties may conduct discovery beyond this date if all parties agree to do so; but the Court will not resolve any disputes in the course of this extended discovery. All discovery requests and related motions must be filed sufficiently in advance of the discovery cutoff to allow for a timely response. Witnesses and exhibits not identified in response to appropriate discovery may not be used at trial except in extraordinary circumstances. The Court will not grant a continuance because a party does not have time in which to depose a witness, expert or otherwise.

Plaintiff shall identify all expert witnesses and produce their opinions by **24 NOVEMBER 2011**. Defendant shall identify all expert witnesses and produce their opinions by **23 DECEMBER 2011**. Plaintiff shall identify any rebuttal expert witnesses and produce their opinions by **9 JANUARY 2012**.

A discovery motion must not be filed until counsel have made a good faith effort to resolve the discovery dispute. Responses to discovery motions should be filed as soon as practicable. A conference will be scheduled to resolve these disputes if the Court deems it necessary.

### 3.     Amended Pleadings

Leave to add parties or otherwise amend pleadings in any other way must be sought no later than **31 AUGUST 2011.**

### 4.     Status Report

The parties must each file a status report with the Clerk by **30 SEPTEMBER 2011.** The report must include the date and results of any settlement conference, the settlement prospects, and the estimated length of trial.

### 5.     Motions

All motions, except motions in limine, must be filed on or before **25 OCTOBER 2011.** Motions in limine must be filed by **12 DECEMBER 2011.**

Motions for summary judgment must comply with Federal Rule of Civil Procedure 56 and Local Rules 7.2 and 56.1.

Any motions submitted after the applicable deadline may be denied solely on that ground.

Local Rule 7.2(b) provides: "Within fourteen (14) days from the date copies of a motion and supporting papers have been served upon him, any party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities." Without seeking leave of the Court, any moving party may file a reply within seven days after the response is filed. Summary judgment motions, as well as other motions, will be subject to the times stated in this paragraph.

The Court may hear oral argument on any motion.

**6.    Pretrial Disclosure Sheet**

The parties must file simultaneous Pretrial Disclosure Sheets according to the outline contained in Local Rule 26.2 with copies to the Courtroom Deputy, Martha Fugate, and opposing counsel—by **23 DECEMBER 2011**.  That witnesses and exhibits must be listed on the Pretrial Disclosure Sheet does not relieve a party of the obligation of providing the names of witnesses and exhibits in response to discovery requests.

**7.    Depositions To Be Used At Trial Other Than For Impeachment**

The proffering party must designate the pertinent portions of a deposition to be used as evidence at trial by **25 NOVEMBER 2011**.  Counter-designations must be made by **2 DECEMBER 2011.**  These designations need not be filed with the Court, but should be exchanged by the parties. Objections to any deposition or videotapes that will be used at trial must be made by written motion indicating the specific objection and its legal basis by **9 DECEMBER 2011**, with the response due **16 December 2011.**  Depositions to be read at trial must be marked as exhibits.

**8.    Trial Briefs and Proposed Findings And Conclusions**

Each party shall submit a trial brief to the Court on **23 December 2011.**  The brief should summarize the anticipated facts and legal issues, disputed and agreed.  The brief should also address any anticipated evidentiary issues.  Each party may submit a responding trial brief on **3 January 2012**.  If some or all of the case will be tried to the bench, then each party shall submit Proposed Findings of Fact and Conclusions of Law with the trial brief.

**9.    Jury Instructions and Statement Of The Case**

The parties must confer regarding the proposed instructions in an attempt to narrow areas of disagreement and must submit an AGREED set of instructions on specific issues in the case to the Court by **23 December 2011.**  Standard instructions from AMI, Eighth Circuit, or Federal Jury Practice and Instructions (5th Edition), as applicable, should be used whenever possible and should be noted at the end of each instruction.  A party requesting an instruction that cannot be agreed upon must submit that instruction to the Court and opposing counsel, explaining the disagreement, by the same date.  Instructions must be submitted on a CD in WordPerfect format or electronically to *dpmchambers@ared.uscourts.gov.*

The parties should also confer and submit an agreed statement of the case with the jury instructions.  If the parties cannot agree on the statement, then they should submit separate statements to chambers by CD or e-mail.

10.    **Stipulations**

The parties should stipulate in writing to the agreed facts ten days before the trial date.

11.    **Exhibits**

All exhibits must be listed on the enclosed form in numerical sequence.  Exhibits must be made available to all parties and reviewed by counsel before the trial date.  Exhibit lists must be submitted to the Courtroom Deputy thirty minutes before the beginning of trial, noting on the Court's copy exhibits to which there is an objection.  The Court will receive all stipulated exhibits at the beginning of the trial.

12.    **Conflicts Of Interest**

Counsel must check the Court's list of financial interests on file in the U.S. District Clerk's Office to determine whether there is any conflict that might require recusal.  If any party is a subsidiary or affiliate of any company in which the Court has a financial interest, counsel should bring that fact to the Court's attention immediately.

13.    **Settlement Conference**

If both parties want to have a settlement conference before a Magistrate Judge, they should request one by **9 November 2011**.

Please communicate with Martha Fugate, Courtroom Deputy, by e-mail at *Martha_Fugate@ared.uscourts.gov* to check your position on the calendar as the trial date approaches.  In the event of settlement, advise Mrs. Fugate immediately.  The case will not be removed from the trial docket until an order of dismissal has been entered.

                                          **AT THE DIRECTION OF THE COURT**
                                          **JAMES W. McCORMACK, CLERK**

                                          **By:  /s/ Martha Fugate**

**Courtroom Deputy to Judge D. P. Marshall Jr.**
**14 December 2010**